**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **NAUTILUS INSURANCE COMPANY,** ) <br> ) <br> **PLAINTIFF,** ) <br> ) <br> ) <br> **vs.** ) <br> ) <br> **TEAM RTR2, LLC D/B/A ZEN** ) <br> **MASSAGE and CHANISE GIBBS,** ) <br> ) <br> **DEFENDANTS.** ) <br> ) | **CIVIL ACTION FILE NO.** <br><br> _____ |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Nautilus Insurance Company ("Nautilus") files this Complaint for Declaratory Judgment, showing the Court as follows:

**PARTIES**

1.

Nautilus, plaintiff herein, is incorporated under the laws of Delaware with its principal place of business in Arizona.

2.

Team RTR2, LLC d/b/a Zen Massage, d/b/a Zen Massage, LLC ("Zen Massage"), a defendant herein, is a limited liability company whose members

1

Steven E. Labroi, a citizen of Washington, D.C., and Mary L. Labroi, a citizen of Georgia. As such, Zen Massage is a citizen of both Washington, D.C. and Georgia.

3.

Chanise Gibbs, a defendant herein, is a citizen of Georgia.

## JURISDICTION AND VENUE

4.

There is complete diversity of citizenship between plaintiff and defendants.

5.

The amount in controversy exceeds $75,000.

6.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 2201.

7.

Venue lies in the Northern District of Georgia because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district. 28 U.S.C. § 1391(b)(2). Venue further lies in the Atlanta Division because the underlying lawsuit is pending in the State Court of Fulton County and the insurance policy was delivered to the insured in Fulton County. N.D.Ga. Local Rule 3.1(B)(3).

8.

There is an actual controversy over insurance coverage such that this Court may declare the rights and obligations of Nautilus pursuant to 28 U.S.C. § 2201.

## UNDERLYING LAWSUIT

9.

Chanise Gibbs initially sued Zen Massage and the Labrois in the State Court of Fulton County where the case was assigned Civil Action No. 12EV015770F. Ms. Gibbs subsequently dismissed that lawsuit and re-filed her First Amended Complaint ("Complaint") against Zen Massage only in the State Court of Fulton County where the case was assigned Civil Action No. 19EV002125. A true and complete copy of the Complaint is attached as Exhibit A.

10.

In her Complaint, Gibbs alleges that during the course of a massage, Zen Massage's independent contractor Antwon Rowe sexually assaulted and falsely imprisoned her. After the alleged sexual assault, Gibbs contacted the police. Rowe was prosecuted for capital sex crimes by the Office of the Fulton County District Attorney. He plead guilty to misdemeanor sexual battery and felony false imprisonment on January 22, 2018.

11.

Gibbs contends that Zen Massage breached its legal duty to keep the premises safe, to train, hire and supervise its employees and independent contractors, and that Zen Massage had actual and constructive knowledge of criminal activity existing on its property prior to her alleged sexual assault. Gibbs also contends that Zen Massage negligently failed to warn its invitees of criminal activity and failed to monitor and supervise the customers' massages.

## **INSURANCE POLICY PROVISIONS**

12.

Nautilus Insurance Company issued policy No. NN135371 to "Zen Massage LLC" as the named insured for the period August 29, 2011 to August 29, 2012. A true and complete copy of the policy is attached as Exhibit B.

13.

Subject to exclusions and limitations, the Commercial General Liability Coverage Form applies to "bodily injury" that occurs during the policy period caused by "an occurrence." The term "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The term "bodily injury" is defined as "bodily injury,

sickness or disease sustained by a person, including death resulting from any of these at any time."

14.

Coverage is excluded for bodily injury that is "expected or intended from the standpoint of the insured."

15.

The policy excludes coverage for abuse and molestation arising out of:

1. The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or

2. The negligent:

    a. Employment;

    b. Investigation;

    c. Supervision;

    d. Reporting to the proper authorities, or failure to so report; or

    e. Retention;

    of a person for whom any insured is or was legally responsible and whose conduct would be excluded by Paragraph 1 above.

16.

By endorsement, the policy limits coverage to "designated operations" as follows:

A. The following exclusion is **added** to **2. Exclusions** of **Section 1 - Coverage A - Bodily Injury And Property Damage Liability, Coverage B - Personal And Advertising Injury Liability** and **Coverage C - Medical Payments:**
This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of, or in any way related to, operations performed by any insured or any person or organization for whom any insured may be legally or contractually responsible, unless such operations are "designated operations".

B. For the purpose of this endorsement, the following definition is **added** to the **Definitions** section:

"Designated operations" means only those operations performed by any insured that are described on the General Liability Coverage Part Declarations, the endorsements, or supplements of this insurance.

17.

"Designated operations" under the policy is defined as "massage therapy."

18.

By endorsement, the policy covers "those sums that the insured becomes legally obligated to pay as damages because of the rendering of or failure to render

the 'professional services' shown in the Schedule." The "Schedule" in turn identifies the "professional services" as "massage therapy." The endorsement provides further that the insurance "does not apply to 'incidents' arising out of … [a]ny dishonest, fraudulent, malicious, willful, or knowingly wrongful act, error, or omission committed by any insured or any person for whom any insured is legally responsible." The term "incident" for purposes of this endorsement is defined as follows:

> Any actual or alleged breach of duty, neglect, misstatement, misleading statement, negligent act, error, or omission arising out of the rendering of or failure to render "professional services" that is committed by:
>
> a.   Any insured; or
>
> b.   Any person for whom the insured is legally responsible.

19.

The policy provides that the insurance "does not apply to punitive or exemplary damages."

## ADDITIONAL ALLEGATIONS

20.

Because the Nautilus policy was issued to "Zen Massage LLC" as the named insured, it does not apply to allegations against Team RTR2, LLC.

21.

Gibbs' allegations arise out of or are related to operations that are not "designated operations" under the policy.

22.

Gibbs does not allege injuries or damages that are covered by the policy.

23.

Gibbs does not seek damages arising out of rendering or failure to render of "professional services" as that term is defined by the policy.

24.

Gibbs alleges injuries and damages that are excluded by the terms of the policy.

**RELIEF SOUGHT**

25.

Based on all the terms, conditions, and exclusions in the policy (whether expressly mentioned or identified in this Complaint or not), as well as under relevant legal principles and public policy concerns, Nautilus seeks a declaration as to its obligations to defend and/or indemnify the claims asserted in the underlying lawsuit.

WHEREFORE, Nautilus prays that the Court:

(a) Declare that Nautilus owes no duty to defend or indemnify the claims asserted in the underlying lawsuit;

(b) Award other and further relief as is just and proper; and

(c) Convene a jury to resolve all issues so triable.

**FREEMAN MATHIS & GARY, LLP**

/s/ Philip W. Savrin_____
Philip W. Savrin
Georgia Bar No. 627836

*Attorney for Plaintiff*
*Nautilus Insurance Company*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
T: 770-818-0000
F: 770-937-9960
E: psavrin@fmglaw.com